UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-14118-ALTMAN

**MARQUISE HAYNES and
DAESHAWN FREEMAN**,

    *Plaintiffs*,

v.

**MARTIN CORRECTIONAL
INSTITUTION**,[1]

    *Defendant*.

_____/

## ORDER

The Plaintiffs, Marquise Haynes and Daeshawn Freeman, have filed a two-in-one civil-rights complaint under 42 U.S.C. § 1983. *See* Complaint [ECF No. 1]. Haynes avers that a prison sergeant sought "sexual favors" from him, "remove[d] all the food" from his tray, and threatened him "to keep [his] mouth close[d]." *Id.* at 9 (cleaned up). Haynes says he "need[s] to speak to a psychiatri[st]" or else he will "kill [him]self or someone[.]" *Id.* at 10 (cleaned up). Freeman claims that a "gang member [is] after [him]," that his "life is in great danger at Martin [Correctional Institution]," and that staff routinely "throw away" his grievances and requests. *Id.* at 4. (cleaned up). But neither Haynes nor Freeman names a single defendant, and their allegations are sandwiched between random, garbled grievances lacking any clear connection to their claims. They also haven't paid the Clerk's filing fee or moved to proceed *in forma pauperis* ("IFP"). *See generally* Docket. For all these reasons, we **DISMISS** their Complaint *without* prejudice.

---

[1] As we'll explain, the Plaintiffs haven't named a single defendant in their Complaint. *See generally* Compl. [ECF No. 1]. Since their allegations and attached grievances are directed at various officers at Martin Correctional Institution, we'll use "Martin Correctional Institution" as a placeholder defendant.

**THE LAW**

The Court "*shall* review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A (emphasis added). The definition of a "prisoner" includes "any person incarcerated or detained in any facility who is . . . accused of [or] convicted of . . . violations of criminal law." *Id.* §1915A(c). In conducting its screening of a prisoner's complaint, the Court must "dismiss the complaint, or any portion of the complaint," when it is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The Federal Rules of Civil Procedure require, in relevant part, that a well-pled complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Every pleading . . . must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). In this Court, a civil-rights complaint submitted by a *pro se* prisoner "must be signed under penalty of perjury." S.D. Fla. L.R. 88.2; *see also* Fed. R. Civ. P. 11(a) ("*Unless a rule or statute specifically states otherwise*, a pleading need not be verified or accompanied by an affidavit." (emphasis added)). Additionally, "complaints must substantially follow the form, if any, prescribed by the Court." S.D. Fla. L.R. 88.2(a).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

A court may dismiss a plaintiff's complaint for failure to comply with the Federal Rules, the Local Rules, or court orders. *See, e.g.*, *Brutus v. Int'l Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240–41 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). And *pro se* litigants are not exempt from procedural rules. *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules."); *see also Heard v. Nix*, 170 F. App'x 618, 619 (11th Cir. 2006) ("Although *pro se* complaints must be liberally construed, such complaints still must comply with the procedural rules governing the proper form of pleadings." (cleaned up)); S.D. Fla. L.R. 1.1 ("When used in these Local Rules, the word 'counsel' shall be construed to apply to a party if that party is proceeding pro se."). The Court may not assist a *pro se* plaintiff in constructing "a theory of liability from facts never alleged, alluded to, or mentioned" in the complaint. *Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011). Instead, "to prevail on a particular theory of liability, a party must present that argument to the district court." *Ibid.*; *see also GJR Inves., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as de facto counsel for a party."), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

**ANALYSIS**

There are at least three major problems with the Complaint.

*First*, the Complaint has all the hallmarks of an impermissible shotgun pleading. In the words of the Eleventh Circuit, a complaint is a shotgun pleading if it:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count

3

each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322–23 (11th Cir. 2015)).

The Complaint fits into the third and fourth categories of shotgun pleadings because it "fails to separate into a different count each cause of action" and "asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act." *Ibid.* Haynes and Freeman (it's true) complain about the abuse, retaliation, and neglect they say they've suffered at the hands of prison staff, but they haven't named *any* defendants—let alone connected them to *any* cause of action—or specified *who* violated *which* of their constitutional rights. *See generally* Compl. They've also failed to list their claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by the Federal Rules. *See* FED. R. CIV. P. 10(a). So, it's "impossible for [anyone] to determine with any certainty which factual allegations give rise to which claims for relief." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018) (cleaned up). And, because the Complaint isn't composed of "short and plain statement[s] . . . showing that the [Plaintiffs are] entitled to relief[,]" it's a shotgun pleading that fails to state a claim upon which relief may be granted. FED. R. CIV. P. 8(a)(2) (cleaned up); *see also Poole v. Bradshaw*, 2024 WL 1675304, at *3 (S.D. Fla. Apr. 17, 2024) (Altman, J.) ("[B]y definition, a shotgun pleading is a complaint 'that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both.'" (quoting *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021))).

*Second*, the Complaint violates our Local Rules. Haynes and Freeman randomly inserted ten pages of prison grievances, *see* Compl. at 1–3, 5–8, 11–12, 14, and filled the Complaint's remaining six pages with sprawling, single-paragraph narratives, *id.* at 4, 9–10, 13, 15–16. The Complaint thus doesn't "substantially follow" the forms this Court has prescribed for civil-rights complaints. S.D. FLA. L.R. 88.2(a)(4). Plus, the Complaint isn't signed under penalty of perjury, as our Local Rules unambiguously

4

require. *See* S.D. FLA. L.R. 88.2(a) (providing that a civil-rights complaint submitted by a *pro se* prisoner "must be signed under penalty of perjury").

*Third*, Haynes and Freeman can't proceed together in this case for two reasons. *One*, because the Prison Litigation Reform Act ("PLRA") "requires that each prisoner proceeding IFP pay the full filing fee," indigent prisoners must file their cases separately. *See Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001). In *Hubbard*, the Eleventh Circuit held that, to the extent Federal Rule of Civil Procedure 20—which permits permissive joinder of parties—conflicts with the PLRA, "the statute repeals the Rule." *Ibid.* On this basis, the Eleventh Circuit has consistently affirmed the dismissal of multi-prisoner-plaintiff actions, *see id.* at 1997–98 (holding that eighteen prisoner-plaintiffs could not join in the same action because the PLRA "clearly and unambiguously" requires each prisoner to pay the filing fee, which "deter[s] frivolous inmate lawsuits"); *Bowens v. Turner Guilford Knight Detention*, 510 F. App'x 863, 864 (11th Cir. 2013) (affirming the district court's dismissal of six inmates' joint civil-rights complaint alleging "exigent danger" because "the PLRA, as interpreted by *Hubbard*, did not provide exceptions for joinder of inmate plaintiffs based on the nature of the claims that they raised"), and the denial of inmates' motions to intervene in other inmates' lawsuits, *see Gandy v. Bryson*, 799 F. App'x 790, 792 (11th Cir. 2020) (finding that the district court properly denied a prisoner's motion to intervene in another prisoner's civil action and explaining that, "[a]lthough *Hubbard* involves joinder rather than intervention, its reasoning applies" all the same); *Daker v. McLaughlin*, 806 F. App'x 939, 940 (11th Cir. 2020) ("Daker was not entitled to circumvent the requirement that he pay a filing fee . . . by intervening in another prisoner's lawsuit.").

*Two*, even if the Plaintiffs *could* join together under Rule 20, they cannot do so here. "A party seeking joinder of claimants under Rule 20 must establish two prerequisites: (1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and (2) some question of law or fact common to all persons seeking to be joined." *Hubbard*, 262 F.3d at 1197 (citing

5

FED. R. CIV. P. 20). As we've said, however, we can't tell *who* the Plaintiffs are suing or *what* they're suing them for. In any event, the Plaintiffs' various claims plainly arise from different (and unrelated) circumstances. *Compare, e.g.*, Compl. at 4 (alleging that "Centurion Staff" and "Florida Department of Corrections" officers have failed to protect Freeman from inmate violence and, instead, continue "harass[ing] and retaliati[ng]" against Freeman by "throw[ing] away" his grievances), *with id.* at 9 (alleging that a prison sergeant "took food off [Haynes's] tray" and is "seeking retaliation" against Haynes for complaining of "sexual harassment," while "[t]he Warden [knows] what [is] going on" and is "doing nothing" (cleaned up)).

For all these reasons, the Complaint must be dismissed. And, since the Plaintiffs can't proceed jointly in this case, we won't grant them leave to amend, as any amendment would be futile. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed[.]"). We therefore **ORDER AND ADJUDGE** that this case is **DISMISSED** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b). All pending motions are **DENIED as moot**. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on April 23, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Marquise Haynes, *pro se*
      Daeshawn Freeman, *pro se*